## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
CASE NO.

LOUIS VUITTON MALLETIER, S.A.,

                Plaintiff,

vs.

THE INDIVIDUALS, PARTNERSHIPS
AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE "A"

                Defendants.

_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff, Louis Vuitton Malletier, S.A. ("Plaintiff" or "Louis Vuitton") hereby sues Defendants, the Individuals, Partnerships, and Unincorporated Associations identified on Schedule "A" hereto (collectively "Defendants"). Defendants are promoting, selling, offering for sale and distributing goods bearing counterfeits and confusingly similar imitations of Louis Vuitton's trademarks within this district through various Internet based e-commerce stores using the seller identities set forth on Schedule "A" hereto (the "Seller IDs"). In support of its claims, Louis Vuitton alleges as follows:

## JURISDICTION AND VENUE

1.    This is an action for federal trademark counterfeiting and infringement, false designation of origin, common law unfair competition, and common law trademark infringement pursuant to 15 U.S.C. §§ 1114, 1116, and 1125(a), and The All Writs Act, 28 U.S.C. § 1651(a). Accordingly, this Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction pursuant to 28

U.S.C. § 1367 over Louis Vuitton's state law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

2.      Defendants are subject to personal jurisdiction in this district, because they direct business activities toward and conduct business with consumers throughout the United States, including within the State of Florida and this district, through at least the Internet based e-commerce stores accessible in Florida and operating under their Seller IDs.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since Defendants are, upon information and belief, aliens who are engaged in infringing activities and causing harm within this district by advertising, offering to sell, and selling infringing products to consumers in Florida.

## THE PLAINTIFF

4.      Louis Vuitton is a foreign business entity organized under the laws of the Republic of France with its principal place of business located at 2, rue du Pont-Neuf in Paris, France 75034. Louis Vuitton operates boutiques throughout the world, including within this district. Louis Vuitton is, in part, engaged in the business of manufacturing and distributing throughout the world, including within this district, a variety of high quality luxury goods under multiple world famous common law and federally registered trademarks, including those identified in Paragraph 14 below and set forth in Schedule "B" hereto. Louis Vuitton offers for sale and sells its trademarked goods within the State of Florida, including this district, through its boutiques, and online retail website. Defendants, through the sale and offering for sale of counterfeit and infringing Louis Vuitton branded products, are directly, and unfairly, competing with Louis Vuitton's economic interests in the State of Florida and causing Louis Vuitton harm within this jurisdiction.

2

5.      Like many other famous trademark owners in the luxury goods market, Louis Vuitton suffers ongoing daily and sustained violations of its trademark rights at the hands of counterfeiters and infringers, such as Defendants herein, who wrongfully reproduce and counterfeit Louis Vuitton's trademarks for the twin purposes of (i) duping and confusing the consuming public and (ii) earning substantial profits. The natural and intended byproduct of Defendants' actions is the erosion and destruction of the goodwill associated with the Louis Vuitton name and associated trademarks and the destruction of the legitimate market sector in which it operates.

6.      In order to combat the indivisible harm caused by the combined actions of Defendants and others engaging in similar conduct, each year Louis Vuitton expends significant monetary resources in connection with trademark enforcement efforts, including legal fees, investigative fees, and support mechanisms for law enforcement, such as field training guides and seminars.   The recent explosion of counterfeiting over the Internet has created an environment that requires Louis Vuitton to file a large number of lawsuits, often it later turns out, against the same individuals and groups, in order to protect both consumers and itself from the ill effects of confusion and the erosion of the goodwill connected to the Louis Vuitton brand.

## **THE DEFENDANTS**

7.      Defendants are individuals and/or business entities of unknown makeup, each of whom, upon information and belief, either reside and/or operate in foreign jurisdictions with lax trademark enforcement systems or redistribute products from the same or similar sources in those locations. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b). Defendants target their business activities toward consumers throughout the United States, including within this district, and conduct pervasive business through the

operation of, at least, one fully interactive commercial Internet based e-commerce store via, at least, the Internet marketplace website, Amazon.com, under the Seller IDs.

8.      Defendants are the past and present controlling forces behind the sale of products bearing counterfeits and infringements of Louis Vuitton's trademarks as described herein using at least the Seller IDs.

9.      Upon information and belief, Defendants directly engage in unfair competition with Louis Vuitton by advertising, offering for sale, and selling goods bearing counterfeits and infringements of one or more of Louis Vuitton's trademarks to consumers within the United States and this district through Internet based e-commerce stores using, at least, the Seller IDs and additional names or seller identification aliases not yet known to Louis Vuitton. Defendants have purposefully directed some portion of their illegal activities towards consumers in the State of Florida through the advertisement, offer to sell, sale, and/or shipment of counterfeit and infringing Louis Vuitton branded goods into the State.

10.     Defendants have registered, established or purchased, and maintained their Seller IDs.  Upon information and belief, Defendants have engaged in fraudulent conduct with respect to the registration of the Seller IDs by providing false and/or misleading information to the Internet based e-commerce platforms where they sell during the registration or maintenance process related to their respective Seller ID. Upon information and belief, Defendants have anonymously registered and maintained some of the Seller IDs for the sole purpose of engaging in illegal counterfeiting activities.

11.     Upon information and belief, Defendants will continue to register or acquire new seller identification aliases for the purpose of selling and offering for sale goods bearing

counterfeit and confusingly similar imitations of Louis Vuitton's trademarks unless preliminarily and permanently enjoined.

12.     Defendants' Internet-based businesses amount to nothing more than illegal operations established and operated in order to infringe the intellectual property rights of Louis Vuitton and others.

13.     Defendants' business names, i.e., the Seller IDs, associated payment accounts, and any other alias seller identification names used in connection with the sale of counterfeit and infringing goods bearing Louis Vuitton's trademarks are essential components of Defendants' online activities and are one of the means by which Defendants further their counterfeiting and infringing scheme and cause harm to Louis Vuitton. Moreover, Defendants are using Louis Vuitton's famous brand name and trademarks to drive Internet consumer traffic to their e-commerce stores operating under the Seller IDs, thereby increasing the value of the Seller IDs and decreasing the size and value of Louis Vuitton's legitimate marketplace at Louis Vuitton's expense.

## COMMON FACTUAL ALLEGATIONS

### Plaintiff's Business and Trademark Rights

14.     Louis Vuitton is the registered owner of the trademarks identified on Schedule "B" hereto (the "Louis Vuitton Marks") which are valid and registered on the Principal Register of the United States Patent and Trademark Office.  The Louis Vuitton Marks are used in conjunction with the manufacture and distribution of high quality goods in the categories also identified on Schedule "B."  True and correct copies of the Certificates of Registration for the Louis Vuitton Marks are attached hereto as Composite Exhibit "1."

15.    The Louis Vuitton Marks have been used in interstate commerce to identify and distinguish Louis Vuitton's high quality goods for an extended period of time.

16.    The Louis Vuitton Marks have been used by Louis Vuitton long prior in time to Defendants' use of copies of those Marks. The Louis Vuitton Marks have never been assigned or licensed to any of the Defendants in this matter.

17.    The Louis Vuitton Marks are symbols of Louis Vuitton's quality, reputation and goodwill and have never been abandoned.  Louis Vuitton has carefully monitored and policed the use of the Louis Vuitton Marks.

18.    Further, Louis Vuitton has expended substantial time, money and other resources developing, advertising and otherwise promoting the Louis Vuitton Marks.  The Louis Vuitton Marks qualify as famous marks as that term is used in 15 U.S.C. §1125(c)(1).

19.    Louis Vuitton has extensively used, advertised, and promoted the Louis Vuitton Marks in the United States in association with the sale of high quality luxury goods.  Louis Vuitton has spent millions of dollars promoting the Louis Vuitton Marks and products bearing the Louis Vuitton Marks. In recent years, annual sales of products bearing the Louis Vuitton Marks have totaled in the hundreds of millions of dollars within the United States.

20.    As a result of Louis Vuitton's efforts, members of the consuming public readily identify merchandise bearing or sold under the Louis Vuitton Marks as being high quality goods sponsored and approved by Louis Vuitton.

21.    Accordingly, the Louis Vuitton Marks have achieved secondary meaning as identifiers of high quality luxury goods.

22.    Genuine goods bearing the Louis Vuitton Marks are widely legitimately advertised and promoted by Louis Vuitton and its authorized distributors via the Internet.  Over

the course of the past ten years, visibility on the Internet, particularly via Internet search engines such as Google, Yahoo! and Bing has become increasingly important to Louis Vuitton's overall marketing and consumer education efforts. Thus, Louis Vuitton expends significant monetary resources on Internet marketing and consumer education, including search engine optimization ("SEO") strategies.  Those strategies allow Louis Vuitton and its authorized retailers to fairly and legitimately educate consumers about the value associated with the Louis Vuitton brand and the goods sold thereunder.

### Defendants' Infringing Activities

23.    Upon information and belief, Defendants are promoting and advertising, distributing, selling, and/or offering for sale goods, including handbags, wallets, belts, traveling bags and cases for mobile electronic devices in interstate commerce bearing counterfeit and infringing trademarks that are exact copies of the Louis Vuitton Marks (the "Counterfeit Goods") through at least the Internet based e-commerce stores operating under the Seller IDs. Specifically, upon information and belief, Defendants are using identical copies of the Louis Vuitton Marks for different quality goods. Louis Vuitton has used the Louis Vuitton Marks extensively and continuously before Defendants began offering counterfeit and confusingly similar imitations of Louis Vuitton's merchandise.

24.    Upon information and belief, Defendants' Counterfeit Goods are of a quality substantially and materially different than that of Louis Vuitton's genuine goods. Defendants, upon information and belief, are actively using, promoting and otherwise advertising, distributing, selling and/or offering for sale substantial quantities of their Counterfeit Goods with the knowledge and intent that such goods will be mistaken for the genuine high quality goods offered for sale by Louis Vuitton, despite Defendants' knowledge that they are without authority

to use the Louis Vuitton Marks.  The net effect of Defendants' actions will cause confusion of consumers, at the time of initial interest, sale, and in the post-sale setting, who will believe Defendants' Counterfeit Goods are genuine goods originating from, associated with, and approved by Louis Vuitton.

25.     Defendants advertise their Counterfeit Goods for sale to the consuming public via e-commerce stores on, at least, one Internet marketplace website using, at least, the Seller IDs. In so advertising these goods, Defendants improperly and unlawfully use the Louis Vuitton Marks without Louis Vuitton's permission. The misappropriation of Louis Vuitton's advertising ideas in the form of the Louis Vuitton Marks is the proximate cause of damage to Louis Vuitton.

26.     As part of their overall infringement and counterfeiting scheme, Defendants are, upon information and belief, all employing and benefitting from substantially similar, paid advertising and marketing strategies based, in large measure, upon an illegal use of counterfeits and infringements of the Louis Vuitton Marks. Specifically, Defendants are using counterfeits and infringements of Louis Vuitton's famous name and the Louis Vuitton Marks in order to make their e-commerce stores selling illegal goods appear more relevant and attractive to consumers online. By their actions, Defendants have created an illegal marketplace operating in parallel to the legitimate marketplace for Louis Vuitton's genuine goods. Defendants are causing concurrent and indivisible harm to Louis Vuitton and the consuming public by (i) depriving Louis Vuitton and other third parties of their right to fairly compete for space within search engine results and reducing the visibility of Louis Vuitton's genuine goods on the World Wide Web, (ii) causing an overall degradation of the value of the goodwill associated with the Louis Vuitton Marks, and (iii) increasing Louis Vuitton's overall cost to market its goods and educate consumers about its brand via the Internet.

27.     Upon information and belief, Defendants are concurrently targeting their counterfeiting and infringing activities toward consumers and causing harm within this district and elsewhere throughout the United States. As a result, Defendants are defrauding Louis Vuitton and the consuming public for Defendants' own benefit.

28.     Upon information and belief, at all times relevant hereto, Defendants in this action had full knowledge of Louis Vuitton's ownership of the Louis Vuitton Marks, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

29.     Defendants' use of the Louis Vuitton Marks, including the promotion and advertisement, reproduction, distribution, sale and offering for sale of their Counterfeit Goods, is without Louis Vuitton's consent or authorization.

30.     Defendants are engaging in the above-described illegal counterfeiting and infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Louis Vuitton's rights for the purpose of trading on Louis Vuitton's goodwill and reputation.  If Defendants' intentional counterfeiting and infringing activities are not preliminarily and permanently enjoined by this Court, Louis Vuitton and the consuming public will continue to be harmed.

31.     Defendants' above identified infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers, the public, and the trade before, during and after the time of purchase. Moreover, Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public, and the trade into believing there is a connection or association between Louis Vuitton's genuine goods and Defendants' Counterfeit Goods, which there is not.

32.     Further, upon information and belief, Defendants are likely to transfer or secret their assets to avoid payment of any monetary judgment awarded to Louis Vuitton.

33.     Louis Vuitton has no adequate remedy at law.

34.     Louis Vuitton is suffering irreparable and indivisible injury and has suffered substantial damages as a result of Defendants' unauthorized and wrongful use of the Louis Vuitton Marks.  If Defendants' counterfeiting and infringing, and unfairly competitive activities are not preliminarily and permanently enjoined by this Court, Louis Vuitton and the consuming public will continue to be harmed.

35.     The harm and damages sustained by Louis Vuitton have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offers to sell, and sale of their Counterfeit Goods.

### COUNT I - TRADEMARK COUNTERFEITING AND INFRINGEMENT PURSUANT TO § 32 OF THE LANHAM ACT (15 U.S.C. § 1114)

36.     Louis Vuitton hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 35 above.

37.     This is an action for trademark counterfeiting and infringement against Defendants based on their use of counterfeit and confusingly similar imitations of the Louis Vuitton Marks in commerce in connection with the promotion, advertisement, distribution, offering for sale, and sale of the Counterfeit Goods.

38.     Specifically, Defendants are promoting and otherwise advertising, selling, offering for sale and distributing goods using one or more of the Louis Vuitton Marks. Defendants are continuously infringing and inducing others to infringe the Louis Vuitton Marks by using them to advertise, promote, sell and/or offer to sell goods bearing the Louis Vuitton Marks.

39.     Defendants' concurrent counterfeiting and infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods.

40.     Defendants' unlawful actions have individually and jointly caused and are continuing to cause unquantifiable damages to Louis Vuitton and are unjustly enriching Defendants with profits at Louis Vuitton's expense.

41.     Defendants' above-described illegal actions constitute counterfeiting and infringement of the Louis Vuitton Marks in violation of Louis Vuitton's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

42.     Louis Vuitton has suffered and will continue to suffer irreparable injury and damages due to Defendants' above described activities if Defendants are not preliminarily and permanently enjoined. Additionally, Defendants will continue to wrongfully profit from their illegal activities.

### COUNT II - FALSE DESIGNATION OF ORIGIN
### PURSUANT TO § 43(a) OF THE LANHAM ACT (15 U.S.C. § 1125(a))

43.     Louis Vuitton hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 35 above.

44.     Upon information and belief, Defendants' Counterfeit Goods bearing, offered for sale and sold using copies of the Louis Vuitton Marks have been widely advertised and offered for sale throughout the United States via at least one Internet marketplace website.

45.     Defendants' Counterfeit Goods bearing, offered for sale, and sold under copies of the Louis Vuitton Marks are virtually identical in appearance to Louis Vuitton's genuine goods. However, Defendants' Counterfeit Goods are different in quality. Accordingly, Defendants'

activities are likely to cause confusion in the trade and among the general public as to at least the origin or sponsorship of their Counterfeit Goods.

46.     Defendants, upon information and belief, have used in connection with their advertisement, offer for sale, and sale of their Counterfeit Goods, false designations of origin and false descriptions and representations, including words or other symbols and trade dress which tend to falsely describe or represent such goods and have caused such goods to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to Louis Vuitton's detriment.

47.     Defendants have authorized infringing uses of the Louis Vuitton Marks, in Defendants' advertisement and promotion of their counterfeit and infringing branded goods. Defendants have also misrepresented to members of the consuming public that the Counterfeit Goods being advertised and sold by them are genuine, non-infringing goods.

48.     Additionally, Defendants are using counterfeits and infringements of the Louis Vuitton Marks in order to unfairly compete with Louis Vuitton and others for space within search engine organic results, thereby jointly depriving Louis Vuitton of a valuable marketing and educational tool which would otherwise be available to Louis Vuitton, and reducing the visibility of Louis Vuitton's genuine goods on the World Wide Web.

49.     Defendants' above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

50.     Louis Vuitton has no adequate remedy at law, and has sustained indivisible injury and damage caused by Defendants' concurrent conduct. Absent an entry of an injunction by this Court, Defendants will continue to wrongfully reap profits and Louis Vuitton will continue to suffer irreparable injury to its goodwill and business reputation, as well as monetary damages.

## COUNT III - COMMON LAW UNFAIR COMPETITION.

51.     Louis Vuitton hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 35 above.

52.     This is an action against Defendants based on their promotion, advertisement, distribution, sale and/or offering for sale of goods bearing marks that are virtually identical, both visually and phonetically, to the Louis Vuitton Marks in violation of Florida's common law of unfair competition.

53.     Defendants are promoting and otherwise advertising, selling, offering for sale and distributing goods bearing counterfeits and infringements of the Louis Vuitton Marks. Defendants are also using counterfeits and infringements of the Louis Vuitton Marks to unfairly compete with Louis Vuitton and others for (1) space in search engine results across an array of search terms and (2) visibility on the World Wide Web.

54.     Defendants' infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' products by their use of the Louis Vuitton Marks.

55.     Louis Vuitton has no adequate remedy at law and is suffering irreparable injury and damages as a result of Defendants' actions.

## COUNT IV - COMMON LAW TRADEMARK INFRINGEMENT

56.     Louis Vuitton hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 35 above.

57.     This is an action for common law trademark infringement against Defendants based on their promotion, advertisement, offering for sale, and sale of their Counterfeit Goods

bearing the Louis Vuitton Marks.  Louis Vuitton is the owner of all common law rights in and to the Louis Vuitton Marks.

58.     Specifically, Defendants, upon information and belief, are manufacturing, promoting and otherwise advertising, distributing, offering for sale, and selling goods bearing infringements of the Louis Vuitton Marks.

59.     Defendants' infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods bearing the Louis Vuitton Marks.

60.     Louis Vuitton has no adequate remedy at law and is suffering irreparable injury and damages as a result of Defendants' actions.

### PRAYER FOR RELIEF

61.     WHEREFORE, Louis Vuitton demands judgment on all Counts of this Complaint and an award of equitable relief and monetary relief, jointly and severally, against Defendants as follows:

a.     Entry of temporary, preliminary, and permanent injunctions pursuant to 15 U.S.C. § 1116 and Federal Rule of Civil Procedure 65 enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Counterfeit Goods; from infringing, counterfeiting, or diluting the Louis Vuitton Marks; from using the Louis Vuitton Marks, or any mark or trade dress similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name or trademark or trade dress that may be calculated to falsely advertise the services or goods of Defendants as being sponsored by, authorized by, endorsed by, or in any

way associated with Louis Vuitton; from falsely representing themselves as being connected with Louis Vuitton, through sponsorship or association, or engaging in any act that is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendants, are in any way endorsed by, approved by, and/or associated with Louis Vuitton; from using any reproduction, counterfeit, infringement, copy, or colorable imitation of the Louis Vuitton Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' goods as being those of Louis Vuitton, or in any way endorsed by Louis Vuitton and from offering such goods in commerce; from engaging in search engine optimization strategies using colorable imitations of Louis Vuitton's name or the Louis Vuitton Marks; and from otherwise unfairly competing with Louis Vuitton.

b.     Entry of an Order requiring the Seller IDs, and any other alias seller identification names being used and/or controlled by Defendants to engage in the business of marketing, offering to sell and/or selling goods bearing counterfeits and infringements of the Louis Vuitton Marks be disabled by the applicable governing Internet marketplace website.

c.     Entry of an Order that, upon Louis Vuitton's request, any Internet marketplace website operators and/or administrators who are provided with notice of the injunction, including but not limited to Amazon.com, Inc., permanently remove any and all listings and associated images of goods bearing counterfeits and/or infringements of the Louis Vuitton Marks via the e-commerce stores operating under the Seller IDs, including but not limited to the listings and associated images identified by the Amazon Standard Identification Numbers ("ASIN") on Schedule "C" annexed hereto, and any other listings and images of goods

bearing counterfeits and/or infringements of the Louis Vuitton Marks associated with any ASIN linked to the same sellers or linked to any other alias seller identification names being used and/or controlled by Defendants to promote, offer for sale and/or sell goods bearing counterfeits and/or infringements of the Louis Vuitton Marks.

        d.     Entry of an Order that, upon Louis Vuitton's request, any Internet marketplace website operators and/or administrators, including but not limited to Amazon.com, Inc., who are provided with notice of the injunction, immediately cease fulfillment of and sequester all goods of each Defendant bearing one or more of the Louis Vuitton Marks in its inventory, possession, custody, or control, and surrender those goods to Louis Vuitton.

        e.     Entry of an Order requiring Defendants to account to and pay Louis Vuitton for all profits and damages resulting from Defendants' trademark counterfeiting and infringing and unfairly competitive activities and that the award to Louis Vuitton be trebled, as provided for under 15 U.S.C. §1117, or, at Louis Vuitton's election with respect to Count I, that Louis Vuitton be awarded statutory damages from each Defendant in the amount of two million dollars ($2,000,000.00) per each counterfeit trademark used and product sold, as provided by 15 U.S.C. §1117(c)(2) of the Lanham Act.

        f.     Entry of an award pursuant to 15 U.S.C. § 1117 (a) and (b) of Louis Vuitton's costs and reasonable attorneys' fees and investigative fees associated with bringing this action.

        g.     Entry of an Order that, upon Louis Vuitton's request, any financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, Amazon Payments, Inc., PayPal, Inc., and their related companies and affiliates, identify and restrain all funds, up to and including the total amount of

judgment, in all financial accounts and/or sub-accounts used in connection with the Seller IDs or other alias seller identification or e-commerce store names used by Defendants presently or in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer funds into the same financial institution account(s), to be surrendered to Louis Vuitton in partial satisfaction of the monetary judgment entered herein.

    h.  Entry of an award of pre-judgment interest on the judgment amount.

    i.  Entry of an Order for any further relief as the Court may deem just and proper.

DATED: May 24, 2017.       Respectfully submitted,

               STEPHEN M. GAFFIGAN, P.A.

               By: **s/Stephen M. Gaffigan**
               Stephen M. Gaffigan (Fla. Bar No. 025844)
               Virgilio Gigante (Fla. Bar No. 082635)
               T. Raquel Rodriguez-Albizu (Fla. Bar. No. 103372)
               401 East Las Olas Blvd., Suite 130-453
               Ft. Lauderdale, Florida 33301
               Telephone: (954) 767-4819
               Facsimile: (954) 767-4821
               E-mail: Stephen@smgpa.net
               E-mail: Leo@smgpa.net
               E-mail: Raquel@smgpa.net

               Attorneys for Plaintiff Louis Vuitton Malletier, S.A.

### SCHEDULE "A"
### DEFENDANTS BY NUMBER AND SELLER IDs

| Def. No. | Defendant / Seller ID | Amazon Seller ID Number |
|---|---|---|
| 1 | ANDREW HENRY | AKT3E2WRKEEZZ |
| 2 | Jasmine_Grinage | A3QQI63OI9LZM7 |
| 3 | LINDA MOXEY | A14W2VQE8Y8OC |
| 4 | phoenixcheapbooks | A1MXG1V6MQREQY |
| 5 | ROBINN LYON-ALVIZO | A13T8G6SL0AXR9 |
| 6 | wasilewskixzjno | AA1UNDWRQO3W5 |
| 7 | azvettes | A2IQ50OVZ74IJ4 |
| 8 | **Extreme Phone Corp LLC** | AYZ4BZ0GLGZ90 |
| 9 | BDKEIWQO | A1TH5RGQR9KEG7 |
| 10 | Best Buy Case | A8I7ZZ29IU07J |
| 11 | CAROL MOORE | A3LFLUZAJFFL22 |
| 12 | Case Escape | A20DOJ7UR0WHLQ |
| 13 | CHENWEIKUN | A3Q9ODQLDHC3SC |
| 14 | Fenfang | A159ANKRYCO6FF |
| 15 | GER-sports | A2VMWK96929QTS |
| 16 | Javerzoom | A3Q7AVU895XBUB |
| 17 | JESSE NORMAND | A3MH7SU9S00MJE |
| 18 | KDFUYC | A1NF0DXRUZNZGV |
| 19 | Kiara Mitchel | A2078YXYKFYIFQ |
| 20 | KKKDFJL FF | A1KUWLNUYEZWFD |
| 21 | LANISE HARRINGTON | ADEYYV0AOD7XY |
| 22 | Miroshop | A2ZPMYV4VCS8CA |
| 23 | MONDUE | A3EN87AK4705U2 |
| 24 | MORE AND MORE | A2DA6C55M29GYA |
| 25 | njhdfjk | A56ONMX4PT9L4 |
| 26 | sudas | A8EF4XWPOKOFI |
| 27 | Sunthing | A1GC3V78PD3WC4 |
| 28 | Tanamal | A1MMHMRQKK8KXS |
| 29 | Tracy Wendling | AJPHA4NWD4JPU |
| 30 | Yvonne Cruz | A19I9TWHBA1JBK |
| 31 | ZDRAVKA TOMIC | AMJXSE4AAO5H1 |

## SCHEDULE "B"
## PLAINTIFF'S FEDERALLY REGISTERED TRADEMARKS

| Trademark | Registration Number | Registration Date | Class(es) / Relevant Goods |
|---|---|---|---|
|  | 0,297,594 | September 20, 1932 | IC 18: trunks, valises, traveling bags, satchels, hat boxes and shoe boxes used for luggage, hand bags, and pocketbooks. |
|  | 1,519,828 | January 10, 1989 | IC 18: trunks, valises, traveling bags, satchels, hat boxes and shoe boxes used for luggage, hand bags, pocketbooks. |
| LOUIS VUITTON | 1,990,760 | August 6, 1996 | IC 14: watches and straps for wrist watches.<br><br>IC 16: catalogues featuring luggage and travel accessories, bags, small leather goods, and garments; notebooks, anthologies, and pamphlets referring to travel; calendars; telephone indexes; fountain pens, ballpoint pens, nibs, covers for pocket and desk diaries, and checkbook holders.<br><br>IC 18: trunks; traveling trunks; suitcases; traveling bags; luggage; garment bags for travel; hat boxes for travel; shoe bags for travel; umbrellas; animal carriers; rucksacks; haversacks; leather or textile shopping bags; beach bags; handbags; vanity cases sold empty; attache cases; tote bags, travel satchels; clutch bags; briefcases; wallets; pocket wallets; credit card cases; business card cases; bill and card holders; checkbook holders; key cases; change purses; briefcase-type portfolios.<br><br>IC 24: travel blankets<br><br>IC 25: shirts; sweatshirts; polo shirts; T-shirts; headwear; jackets; ties; belts; shawls; scarves. |

| | | | |
|---|---|---|---|
|  | 2,177,828 | August 4, 1998 | IC 14: goods made of precious metals, namely, shoe ornaments, ornamental pins; jewelry, namely, rings, ear rings, cufflinks, bracelets, charms, necklaces; horological  instruments, straps for watches, watches and wrist-watches, and cases for watches.<br><br>IC 18: goods made of leather or imitations of leather are not included in other classes, namely, boxes made from leather; trunks, valises, traveling bags, luggage for travel, garment bags for travel, vanity cases sold empty, rucksacks, hand bags, beach bags, shopping bags, shoulder bags, attache cases, briefcases, and fine leather goods, namely, pocket wallets, purses, leather key holders, business card cases, calling card cases, and credit card cases, umbrellas.<br><br>IC 25: clothing and underwear, namely, shirts, waistcoats, raincoats, skirts, coats, pullovers, trousers, dresses, jackets, shawls, stoles, scarves, neckties, pocket squares, belts, shoes, boots, and sandals. |
|  | 2,181,753 | August 18, 1998 | IC 14: jewelry, namely, rings, ear rings, bracelets, charms, necklaces, horological instruments, straps for watches, watches, and wrist-watches, and cases for watches.<br><br>IC 18: goods made of leather or imitations of leather are not included in other classes, namely, boxes made from leather; trunks, valises, traveling bags, luggage for travel, garment bags for travel, vanity cases sold empty, rucksacks, hand bags, beach bags, shopping bags, shoulder bags, attache cases, briefcases, and fine leather goods, namely, pocket wallets, purses, leather key holders, business card cases, calling card cases, credit card cases, and umbrellas.<br><br>IC 25: clothing and underwear, namely, shirts, waistcoats, raincoats, skirts, coats, pullovers, trousers, dresses, jackets, shawls, stoles, scarves, neckties, pocket squares, belts, shoes, boots, and sandals. |

| | | | |
|---|---|---|---|
| LOUIS VUITTON PARIS | 2,346,373 | May 2, 2000 | IC 14: jewelry, namely, rings, belt buckles, ear rings, cufflinks, bracelets, charms, brooches, necklaces, horological instruments, watches, and cases for watches.<br><br>IC 18: Goods made of leather or of imitations of leather not included in other classes, namely, boxes of leather used for travel purposes, hat boxes for travel; trunks, valises, travelling bags, traveling sets for containing cosmetics, garment bags for travel, rucksacks, handbags, beach bags, shopping bags, shoulder bags, briefcases, pouches; fine leather goods, namely, pocket wallets, purses, key cases, card holders, checkbook holders; umbrellas.<br><br>IC 25: Clothing and underwear, namely, sweaters, shirts, suits, waistcoats, skirts, coats, pullovers, trousers, dresses, clothing jackets, shawls, stoles, scarves, neckties, clothing belts, bathing suits, footwear; head wear and waterproof clothing, namely, raincoats. |
|  | 2,361,695 | June 27, 2000 | IC 25: Clothing, namely, sweaters, shirts, sweatshirts, polo shirts, t-shirts, suits, waistcoats, raincoats, skirts, coats, pullovers, trousers, dresses, jackets, shawls, stoles, scarves, neckties, pocket squares, pocket handkerchief squares for wear, gloves, ties, belts, bathing suits, shoes, boots and sandals, and hats. |
| <br>LOUIS VUITTON PARIS | 2,378,388 | August 22, 2000 | IC 18: goods made of leather or imitations of leather not included in other classes, namely, boxes of leather principally used for travel purposes, trunks, valises, traveling bags, * traveling sets for containing cosmetics and jewelry, * handbags, beach bags, shopping bags, shoulder bags, brief cases, pouches, fine leather goods namely, pocket wallets, purses, key cases, business card cases, credit card cases. |
|  | 2,421,618 | January 16, 2001 | IC 18: goods made of leather or imitations of leather not included in other classes, namely, valises, traveling bags, * traveling sets for containing cosmetics, * shopping bags, shoulder bags, brief cases, pouches; fine leather goods, namely, pocket wallets, purses, key cases, business card cases, credit card cases. |

| | | | |
|---|---|---|---|
| ✦ | 2,773,107 | October 14, 2003 | IC 14: jewelry including ((rings,)) ((earrings,)) cuff links, bracelets, ((charms,)) necklaces, ((and medallions;)) horological and chronometric instruments and apparatus, namely, watches,<br><br>IC 18: travel bags, travel bags made of leather; luggage trunks and valises, garment bags for travel, vanity-cases sold empty; rucksacks, shoulder bags, handbags; attache-cases, briefcases, drawstring pouches, pocket wallets, purses, umbrellas, business card cases made of leather or of imitation leather, credit card cases made of leather or of imitation leather; key holders made of leather or of imitation leather.<br><br>IC 25: clothing, namely, shirts, T-shirts, belts, scarves, neck ties, shawls, ((skirts,)) raincoats, overcoats, ((trousers, jeans, pullovers, frocks,)) highheeled shoes, low-heeled shoes, boots, tennis shoes; ((hats)) |
| ⌗ ✖ ⌗<br>✖ ⊕ ✖<br>⌗ ✖ ⌗ | 3,107,072 | June 20, 2006 | IC 09: spectacles, sunglasses and spectacle cases.<br><br>IC 14: jewelry, namely, rings, earrings and ear clips, cuff links, bracelets, charms, necklaces, tie pins, medallions; horological and chronometric apparatus and instruments, namely, watches, watch cases, alarm clocks; jewelry boxes of precious metal, their alloys or coated therewith.<br><br>IC 18: leather and imitation leather products, namely, traveling bags, traveling sets comprised of bags or luggage, trunks and suitcases, garment bags for travel purposes; vanity cases sold empty, rucksacks, shoulder bags, handbags, attaché cases, document wallets and briefcases made of leather, pouches made of leather, wallets, purses, key cases, business card cases, credit card cases; umbrellas.<br><br>IC 25: clothing and undergarments, namely, shirts, tee-shirts, belts, scarves, neckties, shawls, skirts, raincoats, overcoats, trousers, denim trousers, dresses, jackets, sashes for wear, bathing suits, shoes, boots. |

| | | | |
|---|---|---|---|
|  | 3,576,404 | February 17, 2009 | IC 18: boxes of leather or imitation leather for packaging and carrying goods, trunks, suitcases, traveling sets comprised of matching luggage, traveling bags, luggage, garment bags for travel, vanity cases not fitted, toiletry cases sold empty, rucksacks, satchels, handbags, beach bags, leather shopping bags, sling bags, suit carriers, shoulder bags, waist bags, purses, travel cases, briefcases, briefcase-type portfolios, leather pouches, wallets, change purses, key cases, business card cases, calling card cases. |

| | | | |
|---|---|---|---|
|  | 4,192,541 | August 21, 2012 | IC 03: soaps for personal use; perfumery; essential oils; cosmetics; creams for the hair, face, and body; lotions for the hair, face, and body; shower and bath gels; shower and bath preparations; shampoos; make-up preparations, namely, foundations, lipsticks, eye shadows, mascara, make-up powder, and nail polish.<br><br>IC 09: sunglasses; spectacles; optical lenses; spectacle cases; telephones; mobile telephones; smart phones; PC tablets; personal digital assistants; MP3 players; accessories for telephones, mobile telephones, smart phones, PC tablets, personal digital assistants, and MP3 players, namely, hands-free kits for telephones, batteries, covers, housings, façades, chargers, hand straps, and neck straps.<br><br>IC 14: jewelry; key rings of precious metal; tie pins; medallions; jewelry boxes; watches; watch bands; alarm clocks; cases for timepieces.<br><br>IC 16: printed matter, namely, pamphlets, catalogs, and books in the field of travel, luggage, luxury goods, fashion, clothing, sports, the arts; publications, namely, brochures and booklets in the field of travel, luggage, luxury goods, fashion, clothing, sports, the arts; stationery; stationery articles, namely, note pads, writing books, drawing books, calendars, agendas, notebooks, envelopes, letter paper, and index cards; covers for diaries, indexes, and pads; office requisites, namely, letter trays, paper cutters, pencils, inkstands, inkwells, paperweights, pencil holders, pen holders, writing pads, pens, balls, and nibs for pens; postcards; paper labels; newspapers; printed documents, namely, printed certificates.<br><br>IC 18: boxes of leather or imitation leather for packaging and carrying goods; traveling bags; leather traveling sets of luggage; trunks; suitcases; garment bags for travel; vanity cases sold empty; toiletry bags sold empty; backpacks; handbags; attaché cases; leather document cases; wallets; purses; leather key cases; umbrellas.<br><br>IC 24: textiles and textile goods, namely, bath linen, bed linen, table linen, towels, bed covers, textile table cloths.<br><br>IC 25: clothing, namely, underwear, shirts, tee-shirts, pullovers, skirts, dresses, trousers, coats, jackets, belts for clothing, scarves, sashes for wear, gloves, neckties, socks, bathing suits; footwear; headwear.<br><br>IC 34: cigar and cigarette cases of leather and imitation leather. |

| | | | |
|---|---|---|---|
| LOUIS VUITTON | 4,530,921 | May 13, 2014 | IC 09: optical apparatus, namely, binoculars; blank USB sticks; spectacles; sunglasses; spectacle frames; spectacle glasses; spectacle cases; accessories for telephones, mobile phones, smart phones, tablet devices, PDAs, and MP3 players, namely, covers, neck straps, neck cords, and bags and cases specially adapted for holding or carrying portable telephones and telephone equipment and accessories.<br><br>IC 16: paper bags; boxes of cardboard or paper; cardboard and paperboard envelopes and pouches for packaging; plastic materials for packaging, namely, bags; posters; pamphlets referring to travel; postcards; catalogs featuring luggage, travel accessories, bags, small leather goods, and clothing; paper labels; trading cards; greeting cards; business cards; invitation cards; printed publications, namely, books, newspapers, leaflets, and magazines featuring luggage, travel accessories, purses, small leather goods, and clothing; bookbinding materials; printed photographs; photograph albums; stationery, namely, note pads, desk pads, writing pads, drawing pads, envelopes, note paper; calendars; pocket calendars; note books; telephone indexes; diary covers; diaries; office requisites, namely, letter trays, paper knives, ink stands, inkwells, paper weights, pencil holders, pen holders, pencil tubs, blotting pads, pencils, fountain pens, rubber erasers, pen cases; printing types; printing blocks; table linens of paper.<br><br>IC 25: clothing, namely, pullovers, vests, shirts, tee-shirts, trousers, jackets, suits, coats, rain coats, waterproof jackets, waterproof pants, overcoats, parkas, skirts, dresses, pajamas, dressing gowns, nightgowns, robe, gloves, neck ties, belts for clothing, leather belts, scarves, pocket squares, sashes for wear, shawls, stockings, socks, tights, braces for clothing, suspenders, stoles, underwear, lingerie, bathing suits; headwear; shoes; slippers; boots; half-boots.<br><br>IC 26: buttons; hooks and eyes; shoe buckles; hair accessories, namely, hair pins, barrettes, hair bows, hair clips, hair bands, hair wraps; hair ornaments; brooches for clothing; clothing fasteners, namely, scarf holders. |

| | | | |
|---|---|---|---|
| **LV** | 4,614,736 | September 30, 2014 | IC 09: Optical apparatus, namely, binoculars; blank USB sticks; spectacles; sunglasses; spectacle frames; spectacle glasses; spectacle cases; accessories for telephones, mobile phones, smart phones, tablet devices, PDAs, and MP3 players, namely, covers, neck straps, neck cords, and bags and cases specially adapted for holding or carrying portable telephones and telephone equipment and accessories.<br><br>IC 16: Paper bags, boxes of cardboard or paper, cardboard and paperboard envelopes and pouches for packaging; plastic materials for packaging, namely, bags; posters; pamphlets referring to travel; postcards; catalogs featuring luggage, travel accessories, bags, small leather goods, and clothing; paper labels; trading cards; greeting cards; business cards; invitation cards; printed publications, namely, books, newspapers, leaflets, and magazines featuring luggage, travel accessories, purses, small leather goods, and clothing; bookbinding materials; printed photographs; photograph albums; stationery, namely, note pads, desk pads, writing pads, drawing pads, envelopes, note paper; calendars; pocket calendars; note books; telephone indexes; diary covers; diaries; office requisites, namely, letter trays, paper knives, ink stands, inkwells, paper weights, pencil holders, pen holders, pencil tubs, blotting pads, pencils, fountain pens, rubber erasers, pen cases; printing types; printing blocks; table linens of paper.<br><br>IC 26: Buttons; hooks and eyes; shoe buckles; hair accessories, namely, hair pins, barrettes, hair bows, hair clips, hair bands, hair wraps; hair ornaments; brooches for clothing; clothing fasteners, namely, scarf holders. |

SCHEDULE "C"
AMAZON STANDARD IDENTIFICATION NUMBERS ("ASIN") BY DEFENDANT

| Def. No. | Defendant / Seller ID | Amazon Seller ID Number | Infringing Item's ASIN | |
|---|---|---|---|---|
| 1 | ANDREW HENRY | AKT3E2WRKEEZZ | B06XQWYYHZ<br>B06X8ZKPPS<br>B06WP4YGJX<br>B06VVH327F<br>B06XRB2SLN<br>B06XR4499N<br>B06XR3S1BW<br>B06XR3C4S4<br>B06XQZGRFW<br>B06XQXCMN8<br>B06XQT6P6Q<br>B06XQNF7H4<br>B06X187JJX<br>B06X8ZK86N | B06X8YPRP9<br>B06X6GBP4Q<br>B06X3V9TKS<br>B06X3V8MVL<br>B06WVB9X8J<br>B06WGPH43R<br>B06WD3X2ZM<br>B06VVKCB19<br>B06VVGWVB7<br>B06VV886W8<br>B06VV93ZRB<br>B06VV7VLXV<br>B06VTZKKBV<br>B06VTZBVQH |
| 2 | Jasmine_Grinage | A3QQI63OI9LZM7 | B06X8ZKPPS<br>B06WVB86WG<br>B06WP4YGJX<br>B06W9HZQSR<br>B06VVH327F<br>B06X8ZK86N<br>B06X8YPRP9<br>B06X6GBP4Q<br>B06X3V9TKS<br>B06WVBBMNX | B06WVB9X8J<br>B06WGPH43R<br>B06W9HZ92G<br>B06VVKCB19<br>B06VVGWVB7<br>B06VV93ZRB<br>B06VV7VLXV<br>B06VTZKKBV<br>B06VTZBVQH |
| 3 | LINDA MOXEY | A14W2VQE8Y8OC | B06X8ZKPPS<br>B06WVB86WG<br>B06WP4YGJX<br>B06W9HZQSR<br>B06VVHVZ2Z<br>B06VVH327F<br>B06XDF2ZD8<br>B06X187JJX<br>B06X8ZK86N<br>B06X8YPRP9<br>B06X6GBP4Q<br>B06X3V9TKS<br>B06X3V8MVL | B06WVBBMNX<br>B06WVB9X8J<br>B06WGPH43R<br>B06WGPGGXJ<br>B06WD3X2ZM<br>B06W9HZ92G<br>B06VVKCB19<br>B06VVGWVB7<br>B06VV93ZRB<br>B06VV7VLXV<br>B06VTZKKBV<br>B06VTZBVQH |
| 4 | phoenixcheapbooks | A1MXG1V6MQREQY | B06W9HZQSR<br>B06VVHVZ2Z<br>B06WGPH43R | |

| Def. No. | Defendant / Seller ID | Amazon Seller ID Number | Infringing Item's ASIN | |
|---|---|---|---|---|
| 5 | ROBINN LYON-ALVIZO | A13T8G6SL0AXR9 | B06X8ZKPPS<br>B06WVB86WG<br>B06WP4YGJX<br>B06W9HZQSR<br>B06VVHVZ2Z<br>B06VVH327F<br>B06XDF2ZD8<br>B06X187JJX<br>B06X8ZK86N<br>B06X8YPRP9<br>B06X6GBP4Q<br>B06X3V9TKS | B06X3V8MVL<br>B06WVBBMNX<br>B06WGPH43R<br>B06WGPGGXJ<br>B06WD3X2ZM<br>B06W9HZ92G<br>B06VVKCB19<br>B06VVGWVB7<br>B06VV93ZRB<br>B06VV7VLXV<br>B06VTZKKBV<br>B06VTZBVQH |
| 6 | wasilewskixzjno | AA1UNDWRQO3W5 | B06X8ZKPPS | |
| 7 | azvettes | A2IQ50OVZ74IJ4 | B06X8ZKPPS<br>B06X8YPRP9 | |
| 8 | **Extreme Phone Corp LLC** | AYZ4BZ0GLGZ90 | B014R1RZ4G | |
| 9 | BDKEIWQO | A1TH5RGQR9KEG7 | B01LX1DV31 | |
| 10 | Best Buy Case | A8I7ZZ29IU07J | B014R1RZ4G | |
| 11 | CAROL MOORE | A3LFLUZAJFFL22 | B014R1RZ4G | |
| 12 | Case Escape | A20DOJ7UR0WHLQ | B014R1RZ4G | |
| 13 | CHENWEIKUN | A3Q9ODQLDHC3SC | B06Y1JMDC6<br>B06Y1C33GX | |
| 14 | Fenfang | A159ANKRYCO6FF | B06XJCMVP1 | |
| 15 | GER-sports | A2VMWK96929QTS | B01M8MLFYO | |
| 16 | Javerzoom | A3Q7AVU895XBUB | B01M8MLFYO | |
| 17 | JESSE NORMAND | A3MH7SU9S00MJE | B01LYMC2KM | |
| 18 | KDFUYC | A1NF0DXRUZNZGV | B06XDJ4LV1 | |
| 19 | Kiara Mitchel | A2078YXYKFYIFQ | B01M8MLFYO | |
| 20 | KKKDFJL FF | A1KUWLNUYEZWFD | B01LYN0B0I | |
| 21 | LANISE HARRINGTON | ADEYYV0AOD7XY | B016DTOMBO | |
| 22 | Miroshop | A2ZPMYV4VCS8CA | B01N2PL7BR | |
| 23 | MONDUE | A3EN87AK4705U2 | B01N1TVMKE | |
| 24 | MORE AND MORE | A2DA6C55M29GYA | B01M8MLFYO | |
| 25 | njhdfjk | A56ONMX4PT9L4 | B014R1RZ4G | |
| 26 | sudas | A8EF4XWPOKOFI | B00XP1SFZI | |
| 27 | Sunthing | A1GC3V78PD3WC4 | B00XP1SFZI | |

| Def. No. | Defendant / Seller ID | Amazon Seller ID Number | Infringing Item's ASIN | |
|---|---|---|---|---|
| 28 | Tanamal | A1MMHMRQKK8KXS | B06XTW55ZG<br>B06XWZX697<br>B06XX4YSRP<br>B06XX5WHXN<br>B06XWNWSGN<br>B06XX8NQ9C<br>B06XTTCH18 | B06XTWX3YB<br>B06XTF5K5B<br>B06XTWQLYC<br>B06XTW6NYV<br>B06XTVPDPX<br>B06XTV3Q69<br>B06XTW55ZG |
| 29 | Tracy Wendling | AJPHA4NWD4JPU | B06X8ZQTN4 | |
| 30 | Yvonne Cruz | A19I9TWHBA1JBK | B06X8ZMLFC | |
| 31 | ZDRAVKA TOMIC | AMJXSE4AAO5H1 | B01M8MLFYO | |